IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Claude Dunagin,           )<br>                              )<br>            Petitioner,    )<br>                              )<br>vs.                         )<br>                              )<br>Warden of Livesay Correctional Institution,  )<br>                              )<br>            Respondent.    )<br>_____)  | C/A No. 0:16-1761-PMD-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner Claude Dunagin, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Dunagin was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 16.) Dunagin filed a response in opposition to the respondent's motion. (ECF No. 18.) Additionally, Dunagin filed a cross motion for summary judgment (ECF No. 19), to which the respondent filed a response (ECF No. 21) and Dunagin replied (ECF No. 22). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted, and Dunagin's motion for summary judgment and Petition should be denied.

## BACKGROUND

Dunagin was indicted in October 2008 in the Spartanburg County Court of General Sessions for arson in the second degree (2008-GS-42-6184). (App. at 666-67, ECF No. 14-6 at 168-69.)

Page 1 of 17

Dunagin was represented by Douglas Brannon, Esquire, and on March 8-10, 2010, was tried by a jury and found guilty as charged. The circuit court sentenced Dunagin to twenty-five years' imprisonment. (App. at 553, ECF No. 14-6 at 55.)

Dunagin filed a direct appeal, which was dismissed by the South Carolina Court of Appeals. Dunagin then filed an application for post-conviction relief ("PCR"), which was denied by the state circuit court. Dunagin petitioned the South Carolina Supreme Court for a writ of certiorari, which was denied. This action followed.

## FEDERAL HABEAS ISSUES

Having exhausted his state remedies, Dunagin asserts the following issues in the instant petition for a writ of habeas corpus, quoted verbatim:

> **Ground One:** Lack of Subject of Jurisdiction, In violation of the U.S.C.A. Const. Amend 5, 14[.]
> **Supporting Facts:** The petitioner was denied his right to his preliminary hearing, any magistrate who issues a warrant charging crime beyond his jurisdiction shall grant and hold a preliminary investigation of it upon demand in writing of the defendant made at least ten days. When such a hearing has been so demanded the case shall not be transmitted to the court of general session or submitted to the grand jury until the preliminary been had[.]
>
> **Ground Two:** Ineffective Assistance of Counsel in violation of the U.S.C.A. Const. Amend 6, 14.
> **Supporting Facts:** 1. Counsel was ineffective for failing to file for a motion to dismiss, or quash indictment under provisions of code 43-232.
> 2. Counsel was ineffective for failing to put witnesses on the stand he subpoen[aed] on behalf of the petitioner[.]
> 3. Counsel was ineffective for failing to purs[u]e a defense available to the defendant.
> [4.] Counsel was ineffective for inadequate case preparation, he never had a trial stra[te]gy.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,

PJG

Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 582 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Summary Judgment Motions**

    **1.    Claims that are Not Cognizable**

In Ground One of the Petition, Dunagin argues the trial court lacked subject matter jurisdiction over his trial. However, such claims are matters of state law and are not reviewable in a federal habeas action. A district court may only entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (providing a federal habeas court may not evaluate a petitioner's claim that the state trial court lacked subject matter jurisdiction because such a determination is a matter of state law, and not the Constitution or law or treaties of the United States); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). Therefore, Dunagin's claim is not cognizable in this proceeding.

    **2.    Claims of Ineffective Assistance of Counsel**

        **a.    Ground Two (1)**

In Ground Two subsection one of the Petition, Dunagin argues trial counsel was ineffective for failing to file a motion to dismiss or motion to quash the indictment. Specifically, Dunagin argues the facts put forth by the State in the indictment did not meet the elements of second-degree arson because the structure that he was accused of burning was not a "dwelling house" as that term

*PJG*

is used in the criminal code.[1] In his response in opposition to the respondent's motion for summary judgment, Dunagin clarifies that because no one lived in the structure that he allegedly burned, a charge of second-degree arson was not warranted in the indictment. (Petr.'s Resp. in Opp'n at 4, ECF No. 18 at 5.)

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

---

[1] The South Carolina statute providing for the offense of second-degree arson reads: "A person who wilfully and maliciously causes an explosion, sets fire to, burns, or causes to be burned or aids, counsels, or procures a burning that results in damage to a dwelling house . . . or any structure designed for human occupancy including local and municipal buildings, whether the property of the person or another, is guilty of the felony of arson in the second degree and, upon conviction, must be imprisoned not less than three nor more than twenty-five years." S.C. Code Ann. § 16-11-110(B). The code defines "dwelling house," in this context, as, "any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house, and of such a dwelling house or of any other dwelling house all houses, outhouses, buildings, sheds and erections which are within two hundred yards of it and are appurtenant to it or to the same establishment of which it is an appurtenance shall be deemed parcels." S.C. Code Ann. § 16-11-10.



The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Dunagin's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.



The State indicted Dunagin for second-degree arson. (App. at 667, ECF No. 14-6 at 169). The indictment alleged that he set fire to "a dwelling house or structure designed for human occupancy." (Id.)

At trial, counsel moved for a directed verdict as to the second-degree arson charge at the close of the State's case, arguing the terms "dwelling house" and "designed for human occupancy" used in the statute defining second-degree arson were not applicable in this case because the structure allegedly burned by Dunagin was under construction at the time, and was not yet fit for human occupancy. (App. at 391-97, ECF No. 14-5 at 43-50.) The trial court denied trial counsel's motion, finding that while the structure burned in this case may not yet meet the definition of a "dwelling house" as defined in South Carolina Code § 16-11-10, it was a "structure designed for human occupancy"under South Carolina Code § 16-11-110(B). (Id.)

Later, at the close of evidence, trial counsel requested the trial court instruct the jury on third-degree arson, see South Carolina Code § 16-11-110(C), which applies only to the burning of buildings or structures other than those specified in the statute for first and second-degree arson. (App. at 510-11, ECF No. 14-6 at 12-13.) Trial counsel also asked the trial court to instruct the jury on the definition of "dwelling house" as the term is defined in § 16-11-10 for the purposes of the arson statute. (Id.) The trial court, with the consent of the State, agreed to instruct the jury on third-degree arson but refused to instruct the jury on the definition of "dwelling house," explaining that the State did not contend that the structure burned in this case was a dwelling house but instead contended it was a "structure designed for human occupancy." (Id.)

At the PCR hearing, Dunagin testified trial counsel should have moved to dismiss the case for the trial court's lack of subject matter jurisdiction because the facts presented in the indictment



warranted only a charge of third-degree arson. (App. at 600, ECF No. 14-6 at 102.) Consequently, Dunagin argued, the case should have been tried in magistrate's court. (App. at 601, ECF No. 14-6 at 103.)

Trial counsel testified he discussed with Dunagin the strategy of challenging any assertion that the structure allegedly burned by Dunagin was a "dwelling," but he did not recall discussing it as part of a pretrial motion. (App. at 621, ECF No. 14-6 at 123.) Trial counsel testified that he researched this issue and argued it at trial, but the trial court rejected the argument. (App. at 630, ECF No. 14-6 at 132.) Further, trial counsel testified that had he made a pretrial motion on this issue, it would have disclosed his trial strategy to the State, and the jury would not have been able to consider the issue. (App. at 632, ECF No. 14-6 at 134.)

The PCR court found Dunagin failed to meet his burden of establishing that trial counsel was ineffective for failing to object to the sufficiency of the indictment or objecting to the trial court's subject matter jurisdiction. (App. at 660, ECF No. 14-6 at 162.) The PCR court found there was no deficiency on the face of the indictment and also that it was sufficient to provide Dunagin with notice of the charges he faced. (Id.) The PCR court also found trial counsel argued the "dwelling house" issue to the trial court in the form of a directed verdict motion but the argument was rejected, and Dunagin failed to show any other argument trial counsel could have presented that would have been successful. (Id.)

As to Dunagin's claim that trial counsel was ineffective, the court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law. First, defects in indictments do not affect the subject matter jurisdiction of South Carolina's Court of General Sessions. See State v. Gentry, 610 S.E.2d 494 (S.C. 2005) (clarifying the concepts of



subject matter jurisdiction and sufficiency of an indictment are distinct); see also Bayly v. State, 724 S.E.2d 182, 184 (S.C. 2012) ("Based on [Gentry's] clarification, we conclusively recognized that an indictment, which is a notice document, does not confer subject matter jurisdiction on a circuit court."). Second, even if Dunagin was indicted for third-degree arson, the circuit court would have had jurisdiction over either charge because both offenses are felonies punishable by up to fifteen years' imprisonment, and the case could not have been tried in magistrate's court as Dunagin contends. See S.C. Const. art. V, § 11 ("The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts[.]" ); S.C. Code Ann. § 22-3-540 (providing that magistrate courts shall have exclusive jurisdiction of all criminal cases in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty-days); S.C. Code Ann. § 16-11-110 (providing that the offense of arson in any degree is a felony). Therefore, Dunagin has failed to show trial counsel was deficient because trial counsel had no basis to object to the court's jurisdiction based on the indictment. See Strickland, 466 U.S. at 688.

      Moreover, while trial counsel did not raise the issue of whether the structure allegedly burned by Dunagin was covered by the arson statute before trial, he did raise this argument as the basis for moving for a directed verdict at trial and the court rejected it. Also, trial counsel used this argument to secure a jury instruction on third-degree arson, which allowed the jury to reject the State's contention that the structure allegedly burned by Dunagin was covered by the statute defining second-degree arson. Dunagin has not put forth any further argument trial counsel could have raised that would have affected the trial court's decision or the jury's verdict. Accordingly, Dunagin also has failed to show he was prejudiced by trial counsel's actions. See Strickland, 466 U.S. at 693.



      **b.**      **Ground Two (2) and (3)**

In Ground Two subsections two and three of the Petition, Dunagin argues trial counsel was ineffective for failing to call certain witnesses at trial. Specifically, Dunagin argues trial counsel should have called Robert Wyatt and Kevin Foster to testify at trial.[2]

At the PCR hearing, Dunagin testified he gave trial counsel a list of four witnesses to contact, but two of the witnesses, Robert Wyatt and Kevin Foster, were not called to testify at trial. (App. at 601-02, ECF No. 14-6 at 103-04.) Dunagin testified that Wyatt and Foster would have proven that the testimony from the State's witnesses regarding Dunagin's whereabouts at the time of the fire and who started the fire was false. (App. at 602, ECF No. 14-6 at 104.) However, Dunagin also admitted trial counsel cross-examined the State's witnesses about their biases against him. (App. at 612, ECF No. 14-6 at 114.)

Trial counsel testified that his investigator interviewed all of the potential witnesses provided by Dunagin and eventually subpoenaed them for trial. (App. at 622, ECF No. 14-6 at 124.) However, during trial he decided not to call Wyatt and Foster as witnesses because their testimony would not have been helpful. (App. at 623, ECF No. 14-6 at 125.) Specifically, trial counsel testified, Wyatt and Foster were supposed to provide an alibi for Dunagin, but either one or both of their testimonies would have established an alibi for the wrong night. (Id.) Trial counsel also testified that many of the State's witnesses were related to Dunagin by blood, marriage, or romantic

---

[2] In Ground Two subsection three of the Petition, Dunagin makes the vague allegation that trial counsel failed to pursue "a defense available to the defendant." (Pet., ECF No. 1 at 7.) In his response in opposition to the respondent's motion for summary judgment, Dunagin clarifies that the defense trial counsel failed to pursue concerned alibi witnesses. (Petr.'s Resp. in Opp'n at 4-5, ECF No. 18 at 5-6.) Because Dunagin's Ground Two subsection two concerns trial counsel's failure to call alibi witnesses at trial, these claims will be analyzed together.



relationship, and many of the witnesses had financial ties to Dunagin, and he cross-examined the State's witnesses on these potential biases and raised the issue again in closing agument. (App. at 620-01, ECF No. 14-6 at 122-23.)

The PCR court found Dunagin failed to meet his burden of showing trial counsel was ineffective for failing to call certain witnesses at trial. (App. at 660, ECF No. 14-6 at 162.) The PCR court found trial counsel made a strategic decision not to call certain witnesses at trial because their testimony would not have been helpful to the defense. (App. at 661, ECF No. 14-6 at 163.) The PCR court also found Dunagin failed to present any witnesses or testimony that could have been presented at trial to establish prejudice. (Id.)

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law. Trial counsel testified Wyatt and Foster's testimony would not have aided Dunagin's defense, and the PCR court found this testimony "most credible." (App. at 660, ECF No. 14-6 at 162); see Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010)). Such strategic decisions by trial counsel are afforded deference in federal habeas corpus review. See McCarver v. Lee, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, we must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance.") (citing Strickland, 466 U.S. at 689). Accordingly, has Dunagin failed to demonstrate trial counsel was deficient for not calling Wyatt and Foster as witnesses at trial. See Strickland, 466 U.S. at 688.

Also, Dunagin failed to present any evidence at the PCR hearing that would demonstrate that Foster and Wyatt would have provided favorable testimony at trial. See Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); see also Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir. 1990) (finding appellant could not establish that counsel was ineffective for failing to call certain witnesses without advising the court of what an adequate investigation would have revealed or what testimony the witnesses might have provided). Accordingly, Dunagin has failed to demonstrate he was prejudiced by trial counsel's failure to call Wyatt and Foster as witnesses at trial. See Strickland, 466 U.S. at 694.

    **c.**    **Ground Two (4)**

In Ground Two subsection four of the Petition, Dunagin argues trial counsel was ineffective for failing to adequately prepare for trial. At the PCR hearing, Dunagin testified that trial counsel admitted to him that he should have done a better job and been better prepared. (App. at 610, ECF No. 14-6 at 112.) He testified that had trial counsel been effective, he would not have been convicted. (App. at 611, ECF No. 14-6 at 113.)

Trial counsel, however, testified he did not need any more time or additional information to prepare for trial or present a defense. (App. at 630, ECF No. 14-6 at 132.) He testified that he met with Dunagin multiple times before trial, reviewed discovery with him, discussed trial strategy, researched the law, and used a private investigator. (App. at 618-23, 630-32, ECF No. 14-6 at 120-25, 132-33.)

The PCR court found that Dunagin's claim that trial counsel did not conduct an adequate investigation or adequately prepare for trial was without merit. (App. at 658, ECF No. 14-6 at 160.)



The PCR court found trial counsel gave credible testimony regarding his meeting with Dunagin, discussions regarding the case, review of discovery materials, and preparation and research for trial. (App. at 659, ECF No. 14-6 at 161.) The PCR court also found trial counsel properly researched the statutes and case law pertaining to Dunagin's charges in preparation for trial and the directed verdict motion. (Id.) Further, the PCR court found Dunagin failed to point to any specific matters trial counsel failed to discover, or any defenses that could have been pursued had trial counsel been more fully prepared or had additional time prior to the case being called to trial. (Id.)

    The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law. Trial counsel testified he was adequately prepared to defend Dunagin through his investigation, research, and planning. The PCR court found this testimony to be "most credible," and that finding is entitled to deference. See Elmore, 661 F.3d at 850. Moreover, Dunagin's testimony on this point is vague and conclusory. Dunagin has failed to direct the court's attention to any specific fact that would show trial counsel was not adequately prepared to defend him. See Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992) (stating ineffective assistance of counsel claims that are based on speculation do not meet the burden of showing prejudice under Strickland); see also Bruce v. Robinson, Civil Action No. 9:09-1383-PMD-BM, 2010 WL 4318871 (D.S.C. July 22, 2010) (stating a habeas petitioner's speculation, without evidence, that the outcome of his trial would have been different absent counsel's purported deficiencies, does not satisfy the prejudice prong of Strickland). Accordingly, Dunagin failed to meet his burden to show trial counsel's performance was deficient and resulting prejudice. See Strickland, 466 U.S. at 694.

**RECOMMENDATION**

Based on the foregoing, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 15), and that Dunagin's motion for summary judgment and Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 10, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).