# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Claude Dunagin, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 0:16-cv-1761-PMD-PJG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Warden of Livesay Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner Claude Dunagin's objections to United States Magistrate Judge Paige J. Gossett's report and recommendation ("R & R") (ECF Nos. 27 & 24). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 15) and denying both Petitioner's petition for relief under 28 U.S.C. § 2254 (ECF No. 1) and his motion for summary judgment (ECF No. 19). For the reasons stated herein, the Court overrules Petitioner's objections, adopts the R & R with one addition, and enters judgment as the R & R recommends.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting summary judgment on both of Petitioner's asserted grounds for relief. Petitioner's objections relate to both grounds.

### I.     The Trial Court's Subject Matter Jurisdiction

In Ground One of his § 2254 petition, Petitioner argues the trial court lacked subject matter jurisdiction over his charge. The Magistrate Judge concluded this claim is not a cognizable § 2254 claim because it is purely a matter of state law. Petitioner objects to that conclusion by suggesting there is a dispute as to the facts underlying his claim. However, he has not identified any such dispute, and this Court sees none. Rather, his claim is purely legal and, as the Magistrate Judge correctly concluded, not cognizable here. The Court therefore overrules his objection.

In Ground One, Petitioner also asserts he was improperly denied his right to a preliminary hearing, in violation of the Fifth and Fourteenth Amendments. The R & R does not address this claim. However, it does not appear that Petitioner raised or pursued this claim in state court. As Petitioner exhausted his state-court remedies without perfecting that claim for this habeas proceeding, the Court denies that claim on the basis of procedural default. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

### II.    Ineffective Assistance of Counsel

In the PCR proceedings, Petitioner argued his trial counsel was ineffective in numerous respects, thereby violating his Sixth Amendment right to counsel. The PCR court rejected all of those ineffective-assistance claims. In Ground Two of his § 2254 petition, Petitioner argues that the PCR court's determinations on four of his ineffective-assistance claims were unreasonable and contrary to clearly established Supreme Court decisions.[1]

---
1.     Petitioner styles his claims in Ground Two as direct claims of ineffective assistance. However, as the Magistrate Judge points out in her R & R, when a § 2254 petitioner alleges ineffective assistance, it is not the federal

The Magistrate Judge thoroughly analyzed all the claims in Ground Two and found they all lack merit. Petitioner's objections to those conclusions are merely restatements of his claims. As those objections are not proper, the Court overrules them. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) (stating an objection "that merely restates the arguments previously presented" or "does nothing more than state a disagreement with a magistrate's suggested resolution" is not sufficient to trigger de novo review (citation and quotation marks omitted)).

## CONCLUSION

Seeing no clear error in any other portion of the R & R, it is **ORDERED** that Petitioner's objections to the R & R are **OVERRULED** and that the R & R is **ADOPTED**. It is further **ORDERED** that Respondent's motion for summary judgment is **GRANTED**, that Petitioner's motion for summary judgment is **DENIED**, and that Petitioner's § 2254 application is **DISMISSED** with prejudice.[2]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**January 27, 2017**
**Charleston, South Carolina**

---

court's role to decide whether the attorney was, in fact, ineffective. Rather, the question before the federal court is whether the state court's decision on that issue was legally or factually unreasonable. The Court therefore construes Ground Two as raising that question. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam).

2. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

3